UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT JOHN SUMMA,<br><br>                      Plaintiff,<br><br>-against-<br><br>RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE; MICHAEL E. McMAHON; JACKIE BRUNO; JENNIFER MAZELLA,<br><br>                      Defendants. | 25-CV-5598 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in Woodbourne Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with his Richmond County criminal proceedings. Named as Defendants are the Richmond County District Attorney's Office; Richmond County District Attorney Michael E. McMahon; Richmond County Assistant District Attorney Jackie Bruno; and Jennifer Mazella, Records Access Officer in the Richmond County District Attorney's Office. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when they denied him access to discovery materials for use in his Richmond County criminal proceedings. He does not plead the residence of any of the defendants, but the Richmond County District Attorney's Office is located in Richmond County, New York, and Plaintiff alleges that all individual defendants are employed in Richmond County. Richmond County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff appears to argue that venue is proper in this District because he was detained on Rikers Island and at Woodbourne Correction Facility when he submitted requests to the Richmond County District Attorney's Office.[1] Even if venue is proper in this District under Section 1391(b)(2), because Plaintiff's claims arise from actions taken by the Richmond County District Attorney's Office in the context of his Richmond County criminal proceedings, venue is also improper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

---

[1] Plaintiff also alleges that he was incarcerated at Attica Correctional Facility, which is located in Wyoming County, in the Western District of New York, *see* 28 U.S.C. § 112(d), when he made such requests to the Richmond County District Attorney's Office.

2

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff alleges that Defendants violated his rights in relation to his Richmond County criminal proceedings, and all defendants are either located in Richmond County or are employed in Richmond County. It is therefore reasonable to expect that the relevant documents and witnesses would also be in Richmond County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 22, 2025
        New York, New York

                                       /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge